UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

DOSHIA MARIE BANKS,

    Debtor.

_____

DOSHIA MARIE BANKS,

    Appellant,

v.

WELLS FARGO BANK, N.A.,

    Appellee.

Case No. 17-11968
Honorable Laurie J. Michelson

Bankr. No. 17-44399

## OPINION DISMISSING APPEAL AS MOOT

    Doshia Banks thought she was buying a home in Detroit, Michigan. To purchase property on Huntington Road, Banks entered into an installment land contract with the Otis Williams Family Trust. But at the time the Trust issued the installment contract, the Trust did not own the Huntington Road house. The house was owned by an investment company through a securitized bundle of mortgages. Wells Fargo served as the investment company's indenture trustee. After Wells Fargo initiated eviction proceedings against Banks, she filed for Chapter 13 bankruptcy protection. Wells Fargo successfully moved for relief from the automatic stay and the Bankruptcy Court dismissed her petition. Banks now appeals.

**I.**

In 2005, Ernest Cornelius obtained a loan to purchase a property on Huntington Road in Detroit. (R. 7, PID 54.) He secured the loan with a mortgage on the property. (R. 7, PID 54.) Eventually, the originator of the mortgage sold it to an investment company who bundled it into a security. (R. 7, PID 54.) Sometime later still, Wells Fargo became the indenture trustee for the investment company and was assigned the mortgage. In September 2015, Wells Fargo recorded the assignment. (R. 7, PID 54.)

In January 2016, Cornelius executed a quit claim deed granting the property to the Otis Williams Family Trust. (R. 6, PID 37.) But the Trust did not record the deed until October 2016. (R. 7, PID 54.) In the meantime, neither Cornelius nor the Trust made payments on the mortgage, so Wells Fargo began foreclosure proceedings.

Starting in February 2016, Wells Fargo published a notice of foreclosure in the Detroit Legal News. As required by Michigan law, Wells Fargo ran the notice for four consecutive weeks, ending in early March. (R. 7, PID 55.) Wells Fargo also posted a Notice of Foreclosure on the property. (*Id.*) In March 2016, Wells Fargo bought the property at Sheriff's sale and the redemption period expired six months later. (*Id.*)

Not long after the expiration of the redemption period, Doshia Marie Banks wanted to purchase the home on Huntington Road. In February 2017, unaware that the Otis Williams Family Trust did not hold title, Banks entered into an installment land contract with the Trust. (R. 6, PID 31–34.) After paying the Trust $3500 towards the house, Banks moved in. (R. 6, PID 31–32.)

A little over a month later, Wells Fargo initiated eviction proceedings against Banks. (R. 7, PID 55.) After learning of the eviction proceedings, Banks filed for Chapter 13 bankruptcy protection and listed the Huntington Road property as her residence. (R. 6, PID 24.) Soon after

filing her petition, Banks filed a Motion to Impose the Automatic Stay. (R. 6, PID 24; R. 7, PID 55.) The stay put a stop to the eviction proceedings. (R. 6, PID 24.)

Seeking to continue the eviction proceedings, about a month later Wells Fargo moved to lift the stay. The Bankruptcy Court scheduled a motion hearing. (R. 7, PID 55.) Yet a few days before the hearing, Banks asked for a new date, claiming the hearing conflicted with previously scheduled medical appointments. (R. 7, PID 55.) As Banks was unable to adequately corroborate the medical appointments, the Bankruptcy Court denied Banks' request and held the hearing without her. (R. 6, PID 25; R. 7, PID 56.)

After the hearing, the Bankruptcy Court granted Wells Fargo's motion to lift the stay, reasoning, in part, that the Huntington Road property was not part of the Bankruptcy Estate and so the automatic stay did not apply. (R. 1, PID 6.) The same day, but unrelated to Wells Fargo's motion to lift the stay, the Bankruptcy Court dismissed Banks' Chapter 13 petition because she was not making her plan payments. (R. 7, PID 56.)

Banks now appeals. She says the Bankruptcy Court should have treated the Huntington Road property as part of her estate. (*Id.*) So Banks says the Bankruptcy Court was wrong to lift the automatic stay. (R. 6. PID 22.) Banks asks this Court to "void" the order lifting the stay. (R. 6, PID 29.) Banks does not challenge the Bankruptcy Court's dismissal of her Chapter 13 petition.[1]

In response, Wells Fargo makes two arguments. First, Banks' appeal is moot. Because the Bankruptcy Court dismissed Banks' petition, "the automatic stay is terminated by operation of law." (R. 7, PID 58.) So Wells Fargo argues the Court lacks jurisdiction to hear Banks' appeal. In

---

[1] In her brief, Banks raises a host of state-law claims against the Otis Williams Family Trust and an entity she calls "BOA." (R. 6, PID 27, 28.) However, neither BOA nor the Trust are a party to this case. Banks also includes an "intentional emotional distress" claim directed at Wells Fargo. (R. 6, PID 28–29.) As Banks fails to indicate that this claim was raised below, it is waived.

3

the alternative, Wells Fargo says the Bankruptcy Court did not abuse its discretion in lifting the stay. (R. 7, PID 59.)

**II.**

Mootness implicates a federal court's jurisdiction. In a bankruptcy appeal, mootness "involves equitable considerations as well as the requirement of Article III of the Constitution that there be a live case or controversy." *Bartel v. Bar Harbor Airways, Inc.*, 196 B.R. 268, 272 (S.D.N.Y. 1996) (internal quotations omitted). The constitutional "test for mootness is whether the relief sought would, if granted, make a difference to the legal interest of the parties." *Wedgewood Ltd. P'ship I v. Twp. of Liberty*, 610 F.3d 340, 348 (6th Cir. 2010) (quoting *Ford v. Wilder*, 469 F.3d 500, 504 (6th Cir. 2006) (internal quotations omitted)). In bankruptcy proceedings, "[a]n appeal is also moot when 'even though effective relief could conceivably be fashioned, implementation of that relief would be inequitable.'" *Bartel*, 196 B.R. at 272 (quoting *In re Best Products Co., Inc.*, 68 F.3d at 30).

**III.**

The automatic stay does not survive the dismissal of a bankruptcy petition. *See In re Garnett*, 303 B.R. 274, 278 (Bankr. S.D.N.Y. 2003). "[D]ismissal of the bankruptcy petition has the simultaneous effect of undoing the bankruptcy estate and lifting the automatic stay." *Id*. Once a bankruptcy petition has been dismissed, the debtor cannot challenge the decision to lift the automatic stay if they do not also challenge the dismissal of the bankruptcy petition itself. *See, e.g.*, *In re Omoto*, 85 B.R. 98, 100 (9th Cir. BAP 1988) ("When the underlying case is dismissed, the issue of whether the court should have approved the foreclosure sale is rendered moot because there is no longer an attempt to pursue a Chapter 13 plan. There is, therefore, no reason to restrain the creditor's right to foreclose."); *In re Income Property Builders, Inc.*, 699 F.2d 963, 964 (9th

4

Cir. 1982); *In re Robenson*, No. 88 C 5937, 1991 U.S. Dist. LEXIS 18547, at *11 (N.D. Ill. Dec. 12, 1991).

*In re Income Property Builders, Inc.*, is directly on point. There, a creditor moved to lift the automatic stay. The bankruptcy court did so, and later dismissed the bankruptcy petition. After learning that the stay had been lifted, a second creditor appealed the bankruptcy court's decision to lift the stay, but did not appeal the dismissal of the petition. The Ninth Circuit reasoned that "the automatic stay . . . was dependent upon the operation of the bankruptcy law and that law was pertinent only because of the existence of the proceeding in bankruptcy." 699 F.2d at 964. And "[o]nce the bankruptcy was dismissed, a bankruptcy court no longer has power to order the stay . . . ." *Id.* So because the second creditor did not challenge the dismissal of the underlying petition, the Ninth Circuit concluded it lacked the power to restore the bankruptcy proceeding. 699 F.2d at 964. Therefore, an appeal challenging only the lifting of the stay was moot. *Id.*

The same is true in Banks' case. On appeal, Banks does not challenge the Bankruptcy Court's dismissal of her petition. So, as in *Income Property Builders*, the Court has no power to restore the bankruptcy proceeding and therefore no power to order the automatic stay. In other words, the Court has no power to make a difference to Banks' legal interest.

Her appeal is moot.

s/Laurie J. Michelson<br>
LAURIE J. MICHELSON<br>
U.S. DISTRICT JUDGE

Dated: February 26, 2018

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 26, 2018.

                                              s/Keisha Jackson
                                              Case Manager